VERSO LAW GROUP LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
AMY PARIGI (State Bar No. 261948)
RYAN BRICKER (State Bar No. 269100)
209 Kearny Street, Third Floor
San Francisco, California  94108
Telephone:   (415) 534-0495
Facsimile:   (270) 518-5974
Email:       greg.gilchrist@versolaw.com
             amy.parigi@versolaw.com
             ryan.bricker@versolaw.com

Attorneys for Plaintiff
PATAGONIA, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| PATAGONIA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LACROSSE UNLIMITED, INC., IDAHO SPORTS & CYCLE, INC., dba LAXID, INC., MODERN LACROSSE, FRESH COAST TOURNAMENTS LLC, BATTLEGROUND LACROSSE LLC,<br><br>Defendants. | Case No. 2:22-cv-02850<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMAND** |

This lawsuit is necessary to stop defendants from copying Patagonia's famous logo onto T shirts, hoodies and sweatshirts, among other products, and offering them for sale in stores and on websites.  Defendants all are retailers selling online and some through brick and mortar stores, with a focus on sporting goods and lacrosse gear.  Defendants are placing "Lacrosse" or other terms or their own trademarks where the PATAGONIA trademark ordinarily would appear on these products as if the products originate from or are sponsored by Patagonia.  These are

examples:

### FRESH COAST TOURNAMENTS



### MODERN LACROSSE



### BATTLEGROUND LACROSSE



### LAXID



1
2
3
4
5
6
7



8
9   **LACROSSE UNLIMITED**
10
11
12   
13
14
15

16       Some of these products are promoted online and in social media with direct

17   references to Patagonia or #patagonia.  To put a stop to this profligate infringement

18   of Patagonia's iconic trademark and prevent further damage to Patagonia and its

19   brand, Patagonia alleges as follows:

20                                 **PARTIES, JURISDICTION, AND VENUE**

21       1.     Patagonia, Inc. ("Patagonia") is a California corporation headquartered

22   at 259 West Santa Clara Street, Ventura, California 93001.  Patagonia has been

23   designing, developing, marketing, and selling outdoor apparel, accessories, and

24   active sportswear for nearly fifty years.  Patagonia's PATAGONIA brand and P-6

25   logo are famous in the United States and around the world, and instantly recognized

26   by consumers as a symbol of innovative apparel designs, quality products, and

27   environmental and corporate responsibility.

28       2.     Defendant Lacrosse Unlimited, Inc. is a corporation dba Lacrosse

Unlimited with its principal place of business located at 200 Heartland Blvd. Edgewood, NY 11717. Lacrosse Unlimited offers, promotes, and sells products that infringe Patagonia's intellectual property rights through a variety of channels, including online and in stores, throughout the country. Lacrosse Unlimited promoted its infringements as "#patag."

3.     Defendant Idaho Sports & Cycle, Inc., dba LAXID is an Idaho corporation with its principal place of business located at 8189 W. Westpark Street. Boise, Idaho 83704. LAXID offers, promotes, and sells products that infringe Patagonia's intellectual property rights through a variety of channels, including online and in stores, throughout the country.

4.     Defendant Modern Lacrosse is an online seller of unknown corporate status dba Modern Lacrosse at www.modernlacrosse.com, using contact@modernlacrosse.com as its email address. Modern Lacrosse offers, promotes, and sells products online that infringe Patagonia's intellectual property rights throughout the country. It promotes these products as a "play on the infamous Patagonia mountain logo, with a new mountain range and lacrosse twist!"

5.     Defendant Fresh Coast Tournaments LLC is a Michigan limited liability company with its principal place of business located in 453 W. Kilgore Road, Portage, Michigan 49002. Fresh Coast Tournaments offers, promotes, and sells products that infringe Patagonia's intellectual property rights online, including in this District.

6.     Defendant Battleground Lacrosse LLC is a limited liability company with its principal place of business located at 88 N. Main Street, Collierville, Tennessee 38017. Battleground Lacrosse offers, promotes, and sells products that infringe Patagonia's intellectual property rights through a variety of channels, including online and through social media, throughout the country. It promotes them as: "New Battleground Lacrosse short sleeve tshirts #comfortcolors #patagonia."

7.     Patagonia's trademark claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, *et seq.*).  Patagonia's claims for copyright infringement arise from all defendants' infringement of Patagonia's exclusive rights under the United States Copyright Act (17 U.S.C. §§ 101, *et seq.*).  This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 17 U.S.C. § 501 (copyright), 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1121 (Lanham Act).  This Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) and 28 U.S.C. § 1332 (diversity).

8.     This Court has personal jurisdiction over Defendants because Defendants have purposefully availed themselves of the privilege of doing business in this district.  Defendants sell and ship their infringing products to customers in this district.  Defendants advertise and promote their infringing products to purchasers in California and this district through shopping platforms, social media platforms and websites, which are all accessible to residents of this district.  Defendants also have directed their conduct into this district, including individually targeting Patagonia, a corporation they know has its principal place of business in this district, by infringing Patagonia's trademarks and copyrights.

9.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400(a) because Defendants infringe Patagonia's intellectual property in this district, transact business in this district, and a substantial part of the events giving rise to the claims asserted arose in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### Patagonia's History

10.     Patagonia was founded in the late 1960s to design and sell climbing clothes and other active sportswear.  The company adopted the brand "PATAGONIA" to differentiate a related business that designed and manufactured

climbing gear and tools.  PATAGONIA was chosen as the trademark to call to mind romantic visions of glaciers tumbling into fjords, jagged windswept peaks, gauchos, and condors.  Since at least 1973, the PATAGONIA brand has appeared on a multi-colored label inspired by a silhouette of the jagged peaks of the Mt. Fitz Roy skyline (the "P-6 logo").

11.     In the fifty years since Patagonia's PATAGONIA business started, the PATAGONIA brand and its P-6 logo have become among the most identifiable brands in the world.  Patagonia's products now include a wide range of apparel products and equipment, including technical products designed for climbing, skiing and snowboarding, surfing, fly fishing, and trail running, as well as fleece, T shirts, hoodies and sweatshirts which are sold around the world.

12.     Over the years, Patagonia has been recognized and honored for its business initiatives, including receiving the Sustainable Business Counsel's first "Lifetime Achievement Award."  In 1996, with an increased awareness of the dangers of pesticide use and synthetic fertilizers used in conventional cotton growing, Patagonia began the exclusive use of organically grown cotton and has continued that use for more than twenty years.  It was a founding member of the Fair Labor Association®, which is an independent multi-stakeholder verification and training organization that audits apparel factories.  Additionally, since 1985 Patagonia has pledged 1% of sales to environmental groups to preserve and restore our natural environment, donating more than $100 million to date.  In 2002, Patagonia's founder, Yvon Chouinard, along with others, created a non-profit called 1% For the Planet® to encourage other businesses to do the same.  Today, more than 1,200 member companies have donated more than $150 million to more than 3,300 nonprofits through 1% For the Planet.  In 2012, Patagonia became one of California's first registered Benefit Corporations, ensuring Patagonia could codify into its corporate charter consideration of its workers, community, and the environment.  In 2016, Patagonia pledged to donate all revenue from sales on Black

Friday, donating $10 million to environmental grantees in response to customers' purchases on that day. In 2018, Patagonia pledged an additional $10 million in grants to environmental groups in response to recent tax cuts given to businesses. Over the course of two weeks in December 2019, Patagonia matched another $10 million in donations to environmental and other grassroots organizations.

**Patagonia's Trademarks**

13. Patagonia owns numerous registrations for its distinctive P-6 logo and PATAGONIA trademark, covering a wide-ranging assortment of products. Among these are the following U.S. trademark registrations:

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| **PATAGONIA** | 1189402 / Feb. 9, 1982 | Men's and Women's Clothing-Namely, Sweaters, Rugby Shirts, Walking Shorts, Trousers, Jackets, Mittens, Hoods and Rainwear | 08/1974 |
|  | 1294523 / Sept. 11, 1984 | Men's, Women's and Children's Clothing-Namely, Jackets, Pants, Vests, Gloves, Pullovers, Cardigans, Socks, Sweaters, Underwear, Shirts, Shorts, Skirts and Belts | 08/1974-1981 |
|  | 1547469 / July 11, 1989 | Men's, Women's and Children's Clothing- Namely, Jackets, Pants, Shirts, Sweaters, Vests, Skirts, Underwear Tops and Bottoms, Socks, Gloves, Mittens, Hats, Face Masks, Balaclava, Gaiters, Suspenders, and Belts | 08/1974-1981 |
|  | 1775623 / June 8, 1993 | Luggage back packs, and all-purpose sports bags | 08/1988 |

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| **PATAGONIA** | 1811334 / Dec. 14, 1993 | Luggage, back packs, fanny packs and all-purpose sport bags, footwear, ski bags and ski gloves | 08/1990 |
| **PATAGONIA** | 2260188 / July 13, 1999 | Computerized on-line ordering activities in the field of clothing and accessories; Providing information in the field of technical clothing and accessories for use in recreational, sporting and leisure activities; providing information in the field of existing and evolving environmental issues | 10/1995 |
| **PATAGONIA.COM** | 2392685 / Oct. 10, 2000 | On-line retail store and mail order services featuring technical clothing, footwear, and accessories; Computer services in the nature of on-line information related to the environment and clothing | 10/1995 |
| **PATAGONIA** | 2662619 / Dec. 17, 2002 | Retail store services featuring clothing, footwear, luggage and a wide variety of sporting goods and accessories | 06/1986 |
| **PATAGONIA** | 5491401 / June 12, 2018 | Reusable bottles sold empty; insulated containers for food or beverage for domestic use; cups, mugs and growlers | 09/2014 |
| **PATAGONIA** | 5561006 / Sept. 11, 2018 | Stickers; paper banners; fiction and non-fiction books on a variety of topics; posters; non-magnetically encoded gift cards; photographs | 12/1991 |

These registrations for the PATAGONIA mark and logos are in full force and effect. The registrations have become incontestable under 15 U.S.C. § 1065. A color image of the P-6 logo follows:

1

2

3

4



5

6

7      Collectively, these marks, Patagonia's other registered trademarks, and its common

8      law marks are referred to as the "PATAGONIA trademarks."  Patagonia also owns a

9      registered copyright (Registration No. VA 1-801-788) for the P-6 logo.

10             14.    The PATAGONIA trademarks are distinctive, arbitrary and fanciful,

11     entitled to the broadest scope of protection, and certain of the PATAGONIA

12     trademarks are registered worldwide.

13             15.    For many years prior to the events giving rise to this Complaint and

14     continuing to the present, Patagonia annually has spent enormous amounts of time,

15     money, and effort advertising and promoting the products on which its PATAGONIA

16     trademarks are used.  PATAGONIA brand products are advertised in a variety of

17     contexts and media, including in print and on the Internet.  In addition to advertising

18     by Patagonia, the PATAGONIA trademarks are also advertised and promoted and

19     presented at point of sale by numerous retailers.  Consumers, accordingly, are

20     exposed to the PATAGONIA trademarks in a wide range of shopping and post-sale

21     contexts.

22             16.    Patagonia has sold its PATAGONIA brand products all over the world,

23     including throughout the United States and California.  Through its promotion and

24     investment in its brand and extensive sales, publicity, awards, and leadership in

25     sustainable sourcing practices, Patagonia has acquired enormous goodwill in its

26     PATAGONIA trademarks.  The PATAGONIA trademarks are famous within the

27     meaning of the Trademark Dilution Revision Act, enjoy strong consumer

28     recognition, and are recognized around the world and throughout the United States

1    by consumers as signifying high quality products made by a responsible company.

2    **Defendants' Infringement of Patagonia's Rights**

3    17.    In blatant disregard of Patagonia's rights in the PATAGONIA

4    trademarks—and without authorization from Patagonia—Defendants have

5    promoted, offered for sale, and sold products, including shirts, hoodies, and

6    sweatshirts bearing designs and logos that are nearly identical to the P-6 logo, only

7    replacing Patagonia's PATAGONIA word mark with Defendants' marks or with the

8    name of sports like "Lacrosse" or "Hockey," or with their own name and mark

9    which, when rendered in Patagonia's distinctive font and stylization, is highly

10   similar to Patagonia's mark and assumed to originate from Patagonia.  These

11   designs and logos, and the products bearing them, are referred to as "Defendants'

12   Designs."

13   18.    The Defendants' Designs are substantially similar to the P-6 logo

14   artwork, and nearly identical to the registered P-6 logo trademark.  Defendants'

15   products bearing the Defendants' Designs are identical to and compete directly with

16   goods sold by Patagonia, including, shirts, hoodies, and sweatshirts.

17   19.    Defendants' use of the Defendants' Designs has caused or will cause a

18   likelihood of confusion among consumers regarding the source of Defendants'

19   products, and whether Patagonia has sponsored, licensed, authorized, or is somehow

20   affiliated with the Defendants' or each of them.

21   20.    Defendants began using the Defendants' Designs long after the

22   PATAGONIA trademarks became famous.  The Defendants' Designs have caused

23   or are likely to cause dilution of Patagonia's famous and distinctive marks by

24   diminishing their distinctiveness and singular association with Patagonia.  Patagonia

25   has no alternative but to protect its goodwill and famous trademark by obtaining an

26   injunction against Defendants' further use of the derivative trademark and designs.

27   21.    Patagonia is informed and believes that Defendants have marketed and

28   sold substantial quantities of products bearing the Defendants' Designs, and have

profited and continues to profit from such sales.  There is no doubt that Defendants'
conduct has been willful.  Defendants adopted a mark and logo that copies the
PATAGONIA trademarks as part of their own branding.

22.     Defendants' actions have caused and will cause Patagonia irreparable
harm for which money damages and other remedies are inadequate.  Unless
Defendants are restrained by this Court, Defendants will continue expanding their
illegal activities and otherwise continue to cause irreparable damage and injury to
Patagonia by, among other things:

a.     Depriving Patagonia of its statutory rights to use and control
use of its trademark;

b.     Creating a likelihood of confusion, mistake, and deception
among consumers and the trade as to the source of the infringing products;

c.     Causing the public falsely to associate Patagonia with
Defendants and/or their products, or vice versa;

d.     Causing the public falsely to believe Patagonia has collaborated
with Defendants, entered a co-branding relationship with Defendants, or is otherwise
associated with Defendants and/or their products, or vice versa;

e.     Causing incalculable and irreparable damage to Patagonia's
goodwill and diluting the capacity of its famous PATAGONIA trademarks to
differentiate its products from those of its competitors;

f.     Causing incalculable and irreparable damage to Patagonia's
licensing and collaboration programs, and to Patagonia's ability to control its
brand partnerships and to associate itself with entities who are specifically
aligned to Patagonia's company mission; and

g.     Causing Patagonia to lose sales of its genuine PATAGONIA
products.

23.     Accordingly, in addition to other relief, Patagonia is entitled to
injunctive relief against Defendants.

1
2
3

## FIRST CLAIM

## FEDERAL TRADEMARK INFRINGEMENT

## (15 U.S.C. §§ 1114-1117)

4       24.     Patagonia realleges and incorporates by reference each of the

5   allegations contained in paragraphs 1 through 23 of this Complaint.

6       25.     Defendants have used, in connection with the sale, offering for sale,

7   distribution, or advertising of their products bearing the Defendants' Designs, words

8   and symbols that infringe upon Patagonia's PATAGONIA trademarks.

9       26.     These acts of trademark infringement have been committed with the

10  intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C.

11  § 1114.  Defendants' willfulness is displayed not only in the near identity of the

12  infringements, but in some of their decisions to persist in infringements after

13  receiving cease and desist letters.

14      27.     As a direct and proximate result of Defendants' conduct, Patagonia is

15  entitled to recover up to treble the amount of Defendants' unlawful profits and

16  Patagonia's damages and an award of attorneys' fees under 15 U.S.C. § 1117(a).

17      28.     Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a)

18  that requires Defendants to stop use of the Defendants' Designs, and any other mark

19  or design similar to the PATAGONIA trademarks.

20      29.     Patagonia is entitled to an order directing the USPTO to refuse

21  registration of Defendants' infringing logo, as shown in Serial No. 97/072,176.

22

## SECOND CLAIM

23

## FEDERAL UNFAIR COMPETITION

24

### (False Designation of Origin and False Description – 15 U.S.C. § 1125(a))

25      30.     Patagonia realleges and incorporates by reference each of the

26  allegations contained in paragraphs 1 through 29 of this Complaint.

27      31.     Defendants' conduct as alleged in this Complaint constitutes the use of

28  symbols or devices tending falsely to describe the infringing products, within the

1   meaning of 15 U.S.C. § 1125(a)(1).  Defendants' conduct is likely to cause

2   confusion, mistake, or deception by or in the public as to the affiliation, connection,

3   association, origin, sponsorship, or approval of the infringing products to the

4   detriment of Patagonia and in violation of 15 U.S.C. § 1125(a)(1).

5        32.    As a direct and proximate result of Defendants' conduct, Patagonia is

6   entitled to recover up to treble the amount of Defendants' unlawful profits and

7   Patagonia's damages, and an award of attorneys' fees under 15 U.S.C. § 1117(a).

8        33.    Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a)

9   that requires Defendants to stop use of the Defendants' Designs, and any other mark

10  or design similar to the PATAGONIA trademarks.

**THIRD CLAIM**

**FEDERAL DILUTION OF FAMOUS MARK**

**(Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c))**

14       34.    Patagonia realleges and incorporates by reference each of the

15  allegations contained in paragraphs 1 through 33 of this Complaint.

16       35.    Patagonia's PATAGONIA trademarks (including the P-6 logo) are

17  distinctive and famous within the meaning of the Trademark Dilution Revision Act

18  of 2006, 15 U.S.C. § 1125(c), and were famous prior to Defendants' adoption of the

19  copycat Defendants' Designs.

20       36.    Defendants' conduct is likely to cause dilution of Patagonia's

21  PATAGONIA trademark by diminishing its distinctiveness in violation of the

22  Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

23       37.    As a direct and proximate result of Defendants' conduct, Patagonia is

24  entitled to recover up to treble the amount of Defendants' unlawful profits and

25  Patagonia's damages, and an award of attorney's fees under 15 U.S.C. §§ 1116(a),

26  1117(a), and 1125(c).

27       38.    Patagonia is entitled to injunctive relief pursuant to 15 U.S.C.

28  §§ 1116(a) and 1125(c) that requires Defendants to stop use of the Defendants'

COMPLAINT
CASE NO. 2:22-cv-02850

Designs, and any other mark or design similar to the PATAGONIA trademarks.

39.     Patagonia is entitled to an order directing the USPTO to refuse registration of Defendants' infringing logo, as shown in Serial No. 97/072,176.

## FOURTH CLAIM

## FEDERAL COPYRIGHT INFRINGEMENT

**(17 U.S.C. §§ 101, *et seq*., and 17 U.S.C. §§ 501, *et seq*.)**

40.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 39 of this Complaint.

41.     Patagonia owns the copyright in its P-6 logo, which is federally registered and was registered prior to Defendants' copying.

42.     Defendants have copied, advertised, offered for sale, and/or sold substantially similar copies of the P-6 logo without Patagonia's authorization or permission and in violation of Patagonia's exclusive rights in its copyright.

43.     Defendants' unlawful reproduction, advertisement, distribution, and/or sale of Patagonia's proprietary design constitutes copyright infringement.  Patagonia alleges that Defendants acted intentionally and in bad faith when they reproduced Patagonia's copyrighted work (in identical or substantially similar form), and advertised, distributed, displayed, and/or sold products bearing the Defendants' Designs.

44.     Defendants' infringement alleged herein has caused and, if not enjoined, will continue to cause Patagonia to suffer irreparable harm for which there is no adequate remedy at law, and has also caused damage to Patagonia in an amount which cannot be accurately computed at this time but will be proven at trial.

45.     As a direct and proximate result of Defendants' conduct, Patagonia is entitled to injunctive relief, as well as actual damages and any profits earned by Defendants because of their infringements, or statutory damages of up to $150,000 for each work infringed, at Patagonia's election, pursuant to 17 U.S.C. § 504.

/ / /

# FIFTH CLAIM

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

## UNDER CALIFORNIA STATUTORY LAW

**(Cal. Bus. & Prof. Code §§ 14200 *et seq.*; Cal. Bus. & Prof. Code § 17200 *et seq.*)**

46.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 45 of this Complaint.

47.     Patagonia is the owner of numerous registrations for the PATAGONIA trademarks, as well as common law rights in those marks.

48.     Defendants are using a design that infringes upon Patagonia's PATAGONIA trademarks without the consent of Patagonia and in connection with the sale, offering for sale, distribution, or advertising of its products bearing the Defendants' Designs.

49.     Defendants' infringement of Patagonia's PATAGONIA trademarks is likely to cause confusion, mistake, and deception as to the source of the origin of Defendants' offerings.

50.     Defendants use the infringing Defendants' Designs to enhance the commercial value of its offerings.

51.     Defendants' acts violate Patagonia's trademark rights under California Business & Professions Code §§14245 *et seq.*

52.     Defendants' conduct as alleged in this Complaint also constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code §§ 17200 *et seq.*

53.     Patagonia is entitled to monetary damages and injunctive relief prohibiting Defendants from using the Defendants' Designs, or any other mark or design that is likely to be confused with the PATAGONIA trademarks.

54.     Without injunctive relief, Patagonia has no means by which to control

1   the continuing injury to its reputation and goodwill or that of its PATAGONIA

2   trademarks.  Patagonia has been and will continue to be irreparably harmed.  No

3   amount of money damages can adequately compensate Patagonia if it loses the

4   ability to control its marks.

5       55.    Because Defendants' actions have been committed willfully,

6   maliciously, and intentionally, Patagonia is entitled to treble the amount of

7   Defendants' unlawful profits and Patagonia's damages under California Business &

8   Professions Code § 14250.

9                               **SIXTH CLAIM**

10          **TRADEMARK DILUTION UNDER CALIFORNIA LAW**

11                       **(Cal. Bus. & Prof. Code § 14247)**

12      56.    Patagonia realleges and incorporates by reference each of the

13   allegations contained in paragraphs 1 through 55 of this Complaint.

14      57.    Patagonia owns valid and protectable rights in its PATAGONIA

15   trademarks (including the P-6 logo).

16      58.    The PATAGONIA trademarks—registered marks in the state of

17   California—are distinctive and famous within the meaning of the California Model

18   State Trademark Law, Cal. Bus. & Prof. Code § 14247, in that it is a household

19   brand in California, and were famous prior to Defendants' adoption of the

20   Defendants' Designs.

21      59.    Defendants' acts are likely to dilute the distinctive quality of the

22   PATAGONIA trademarks.  Defendants' acts therefore constitute trademark dilution

23   under California Business & Professions Code **§** 14247, the analogous statutes of

24   other states, and under California common law.

25      60.    Patagonia is entitled to monetary damages and injunctive relief

26   prohibiting Defendants from using the Defendants' Designs, and any other mark

27   or design similar to the PATAGONIA trademarks.  Without injunctive relief,

28   Patagonia has no means by which to control the continuing dilution of the

1   PATAGONIA trademarks.  Patagonia has been and will continue to be irreparably

2   harmed.  No amount of money damages can adequately compensate Patagonia for

3   such harm.

4        61.    Because Defendants' actions have been committed willfully,

5   maliciously, and intentionally, Patagonia is entitled to treble the amount of

6   Defendants' unlawful profits and Patagonia's damages under California Business &

7   Professions Code § 14250.

8   **SEVENTH CLAIM**

9   **TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW**

10       62.    Patagonia realleges and incorporates by reference each of the

11  allegations contained in paragraphs 1 through 61 of this Complaint.

12       63.    Patagonia owns valid and protectable rights in its PATAGONIA

13  trademarks at common law.

14       64.    Defendants' conduct is likely to cause confusion, to cause mistake, or

15  to deceive as to the source of goods offered by Defendants, or as to affiliation,

16  connection, association, sponsorship, or approval of such goods and services, and

17  constitutes infringement of Patagonia's PATAGONIA trademarks at common law.

18       65.    Defendants infringed Patagonia's PATAGONIA trademarks with

19  knowledge and intent to cause confusion, mistake, or deception.

20       66.    Defendants' conduct is aggravated by that kind of willfulness, wanton-

21  ness, malice, and conscious indifference to the rights and welfare of Patagonia for

22  which California law allows the imposition of exemplary damages.

23       67.    As a direct and proximate result of Defendants' activities, Patagonia

24  has suffered substantial damage.

25       68.    Unless restrained and enjoined, the conduct of Defendants will further

26  impair the value of the PATAGONIA trademarks and Patagonia's business

27  reputation and goodwill.  Patagonia has no adequate remedy at law.

28       69.    Patagonia is entitled to monetary damages and injunctive relief

prohibiting Defendants from using the Defendants' Designs, and any other mark or design similar to the PATAGONIA trademarks.

70.     Without injunctive relief, Patagonia has no means by which to control the continuing injury to its reputation and goodwill or that of its PATAGONIA trademarks.  Patagonia has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Patagonia if it loses the ability to control its marks.

71.     Because Defendants' actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to recover reasonable attorneys' fees and compensatory and punitive damages.

## **PRAYER FOR JUDGMENT**

WHEREFORE, Patagonia prays that this Court grant it the following relief:

1.     Adjudge that Defendants have infringed the PATAGONIA trademarks in violation of Patagonia's rights under 15 U.S.C. § 1114;

2.     Adjudge that Defendants have infringed the PATAGONIA trademarks in violation of California statutory law;

3.     Adjudge that Defendants have infringed Patagonia's common law rights in the PATAGONIA trademarks;

4.     Adjudge that Defendants have competed unfairly with Patagonia in violation of Patagonia's rights under 15 U.S.C. § 1125(a);

5.     Adjudge that Defendants have competed unfairly with Patagonia in violation of California statutory law;

6.     Adjudge that Defendants' activities are likely to dilute Patagonia's famous PATAGONIA trademarks in violation of Patagonia's rights under 15 U.S.C. § 1125(c) and/or California law;

7.     Adjudge that Defendants have infringed Patagonia's copyright rights in its P-6 design;

8.     Adjudge that Defendants and their agents, employees, attorneys,

1   successors, assigns, affiliates, and joint venturers, and any person(s) in active

2   concert or participation with it, and/or any person(s) acting for, with, by, through or

3   under it, be enjoined and restrained at first during the pendency of this action and

4   thereafter permanently from:

5        a.   Manufacturing, producing, sourcing, importing, selling, offering

6   for sale, distributing, advertising, or promoting any goods or services that display

7   any words or symbols that so resemble the PATAGONIA trademarks as to be likely

8   to cause confusion, mistake, or deception, on or in connection with any product that

9   is not authorized by or for Patagonia, including, without limitation, any product or

10  service that bears the Defendants' Designs, or any other approximation of

11  Patagonia's trademarks;

12       b.   Using any word, term, name, symbol, device, or combination

13  that causes or is likely to cause confusion, mistake, or deception as to the affiliation

14  or association of Defendants or their products with Patagonia, or as to the origin of

15  Defendants' goods, or any false designation of origin, false or misleading

16  description or representation of fact, or any false or misleading advertising, or likely

17  dilution of the PATAGONIA trademark;

18       c.   Further infringing the rights of Patagonia in and to its

19  PATAGONIA trademarks, or otherwise damaging Patagonia's goodwill or business

20  reputation;

21       d.   Further diluting the famous PATAGONIA trademarks;

22       e.   Otherwise competing unfairly with Patagonia in any manner;

23       f.   Further infringing Patagonia's copyright rights in its P-6 logo

24  design, including by reproducing, distributing, or displaying such logo or any other

25  logo or design that is substantially similar to the P-6 logo; and

26       g.   Continuing to perform in any manner whatsoever any of the

27  other acts complained of in this Complaint;

28       9.   Adjudge that Defendants be required immediately to deliver to

COMPLAINT
CASE NO. 2:22-cv-02850

Patagonia's counsel their entire inventory of infringing products, including without limitation, patches and any other products, packaging, labeling, advertising and promotional material, and all plates, patterns, molds, matrices, files, data, and other material for producing or printing such items, that are in their possession or subject to their control and that infringe Patagonia's trademarks as alleged in this Complaint;

10.     Adjudge that Defendants, within thirty (30) days after service of the Court's judgment, be required to file with this Court and serve upon Patagonia's counsel a written report under oath setting forth in detail the manner in which they have complied with the judgment;

11.     Adjudge that Patagonia recover from Defendants its damages and lost profits, and Defendants' profits in an amount to be proven at trial;

12.     Adjudge that Defendants be required to account for any profits that are attributable to their illegal acts, and that Patagonia be awarded (1) Defendants' profits and (2) all damages sustained by Patagonia, under 15 U.S.C. § 1117, plus prejudgment interest;

13.     Adjudge that the amounts awarded to Patagonia pursuant to 15 U.S.C. § 1117 shall be trebled;

14.     Adjudge that Patagonia recover from Defendants its damages based on Defendants' copyright infringement, or statutory damages at Patagonia's election;

15.     Order an accounting of and impose a constructive trust on all of Defendants' funds and assets that arise out of its infringing, dilutive activities;

16.     Adjudge that Patagonia be awarded its costs and disbursements incurred in connection with this action, including Patagonia's reasonable attorneys' fees and investigative expenses; and

17.     Adjudge that all such other relief be awarded to Patagonia as this Court deems just and proper.

/ / /

COMPLAINT
CASE NO. 2:22-cv-02850

1   DATED:  April 28, 2022      Respectfully submitted,

2                              VERSO LAW GROUP LLP

3

4                          By:  */s/Gregory S. Gilchrist*

5                              GREGORY S. GILCHRIST
AMY PARIGI

6                              RYAN BRICKER

7                          Attorneys for Plaintiff
PATAGONIA, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2

Patagonia, Inc. demands that this action be tried to a jury.

3

DATED:  April 28, 2022            Respectfully submitted,

4

VERSO LAW GROUP LLP

5

6

By:   */s/Gregory S. Gilchrist*

7

GREGORY S. GILCHRIST

8

Attorneys for Plaintiff
PATAGONIA, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28